RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JESSIE JAMES WILEY** | **CIVIL ACTION NO. 07-0795** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HARVEY GRIMMER, WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Before the Court is a Petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed by Petitioner Jessie James Wiley ("Wiley") on May 7, 2007. On August 8, 2007, Magistrate Judge Karen L. Hayes issued her first Report and Recommendation [Doc. No. 8] in this matter, recommending that the Court dismiss Wiley's Petition for failure to state a claim as a matter of law. On September 14, 2007, the Court adopted the first Report and Recommendation of the Magistrate Judge and dismissed Wiley's Petition. [Doc. No. 11].

On September 19, 2007, Wiley appealed the dismissal of his Petition. [Doc. No. 12]. This Court denied his request for a Certificate of Appealability ("COA"). [Doc. Nos. 13 & 15]. However, on July 9, 2008, the Fifth Circuit Court of Appeals granted a COA on Wiley's claim that he had received ineffective assistance of counsel because his attorney failed to exercise peremptory challenges to strike two allegedly biased jurors, Richard Townsend and Maurice Harvey. The Fifth Circuit granted the COA because the record was insufficient for a proper review of Wiley's claims and directed this Court to add to the record "any portion of the state court papers necessary . . . to conduct a meaningful review. . . ." [Doc. No. 21, p. 3]. Finally, although not the basis for remand, the Fifth Circuit cautioned that the prejudice prong of Wiley's ineffective assistance of counsel claim should be considered in light of *Virgil v. Dretke*, 446 F.3d

598 (5th Cir. 2006). [Doc. No. 21, pp. 2-3 n.2].

On remand, the *Wiley* case was returned to the Magistrate Judge for further proceedings. While still representing himself, *pro se*, Wiley continued to pursue his ineffective assistance of counsel claim with regard to Townsend and Harvey, but also amended his Petition to add a claim that his counsel was ineffective for failing to exercise a peremptory challenge to strike another juror, Joyce Tarver ("Tarver"), an employee of Winter Quarters, a state historical site in Louisiana. [Doc. No. 28]; *see also* [Doc. No. 30]. Townsend and Tarver voted to convict, but Harvey voted to acquit. The final vote was 10-2 to convict.

On December 16, 2008, the Magistrate Judge appointed the Federal Public Defender, Rebecca Hudsmith, to represent Wiley and allowed her sixty (60) days to file a supplemental brief to address whether Wiley's claims regarding Harvey and Tarver had been administratively exhausted at the state level and any other appropriate issues. [Doc. No. 33].

On February 19, 2009, Wiley, through counsel, filed a supplemental brief, contending that all his pending claims had been exhausted. [Doc. No. 36].

On January 19, 2010, the Magistrate Judge held an evidentiary hearing on Wiley's Petition. The parties filed supplemental briefs, and the Magistrate Judge then issued a second Report and Recommendation [Doc. No. 58] on July 15, 2010. Wiley has objected to the second Report and Recommendation [Doc. No. 59], and the State has not responded.

Having fully reviewed the record in this matter, including Wiley's objections, the Court agrees with and ADOPTS the Report and Recommendation with regard to jurors Townsend and Harvey. The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation with regard to juror Tarver.

2

Juror bias is a finding of fact. *See Patton v. Yount*, 467 U.S. 1025, 1036 (1984). Under the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), the State court's determination on this issue "shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[1] 28 U.S.C. § 2254(e)(1).

As instructed, this Court has considered the Fifth Circuit's decision in *Virgil v. Dretke*, 446 F.3d 598. In that case, Virgil claimed that he suffered prejudice because his attorney's ineffective assistance resulted in the seating of two biased jurors. After the two jurors stated clearly that they could not be fair and impartial, Virgil's counsel failed to questioned the jurors further[2], failed to challenge them for cause, and failed to exercise peremptory challenges to remove them from the jury.

When deciding ineffective assistance of counsel claims, the Fifth Circuit explained that

---

[1] While Wiley did raise the issue of juror bias and the ineffective assistance of counsel to the state court, it is by no means clear to this Court that Wiley exhausted his state court remedies with regard to Tarver. Although the Magistrate Judge indicates that Wiley raised this claim "for the first time in his state petition for discretionary review," the only analysis of Tarver's potential bias was by the original trial judge, Judge John D. Crigler. [Doc. No. 58, p. 4]. If Wiley did not exhaust his state court remedies with regard to the Tarver claim, the claim is now technically exhausted because any state habeas proceeding would be untimely. *Coleman v. Thompson*, 501 U.S. 722, 750-51(1991) (Federal habeas review of the technically exhausted claim is barred " . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *see also Jones v. Jones*, 163 F.3d 285 (5th Cir. 1998). There is no evidence in the record to show cause for Wiley's failure to present this claim to the state court, nor to demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. Nevertheless, the Court agrees with the Magistrate Judge that it is appropriate to deny relief on the merits in this case. *See* [Doc. No. 58, pp. 4-5].

[2] Counsel made "[n]o effort . . . to explore the depth or intensity of either Sumlin's or Sims's bias toward Virgil, in particular, or criminal defendants, in general." *Id.* at 613.

3

part of the analysis is "'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time[.]'" 446 F.3d at 601-02 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, the Fifth Circuit reviewed the explanation provided by Virgil's counsel in an affidavit: that he had "'asked all of the questions that [he] thought were necessary to determine if there was any prejudice or bias against [the defendant],'" that he had "'used all peremptory strikes that were available,'" and that he "'struck all persons whom [he] thought had some type of bias, prejudice or issue based upon . . . voir dire.'" *Id.* at 610. Based on counsel's response and the other facts in the case, the Fifth Circuit ruled:

> . . . we find counsel's performance "objectively unreasonable" under *Strickland* for failing to use a peremptory or for-cause challenge in response to the testimony of jurors Sumlin and Sims that unequivocally expressed bias against Virgil. We find counsel's conclusory affidavit insufficient to show that his actions met the floor of performance mandated by the Sixth and Fourteenth Amendments.[3] The state court's denial of Virgil's habeas claim left a defect in the trial process that "undermine[s] confidence in the outcome" in violation of *Strickland* . . . . The state court's rejection of Virgil's ineffective assistance of counsel claim was contrary to the Supreme Court's decision in *Strickland*.

*Id.* at 614.

In this case, the Court finds that Wiley has not rebutted Judge Crigler's determination that Tarver was unbiased. While Tarver certainly equivocated, she stated that she could be fair and that she would require the State to prove its case against Wiley. Although she discussed a working relationship with law enforcement because of her job at a historical site, her actual

---

[3]The affidavit was deemed "lacking in two respects. First, it speaks only of peremptory challenges and fails to indicate why for-cause challenges were not used . . . . Second, counsel's affidavit fails to explain why the answers given by [the jurors] did not indicate "prejudice or bias against [Virgil]." *Id.* at 610.

4

contact with officers was quite limited. The Court agrees with and ADOPTS the Magistrate Judge's analysis on pages 6-9 of the Report and Recommendation.

The Court further agrees with the Magistrate Judge that the performance of Wiley's counsel, Samuel Thomas ("Thomas"), is distinguishable from that of the counsel in *Virgil*. Thomas questioned Tarver about her interactions with law enforcement officers and her potential bias, and he subsequently challenged her service for cause. Thus, Thomas' performance could only be deficient if his failure to exercise a peremptory challenge against Tarver was either a complete omission or "so ill chosen [a trial tactic and strategy] that it permeates the entire trial with obvious unfairness." *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004) (citations and internal quotation marks omitted); *see also Biagas v. Valentine*, 265 Fed. App'x 166, 2008 WL 34158 (5th Cir. Feb. 6, 2008) (The court need not condone "unreasonable decisions" as strategy when no decision was made; thus, defense counsel's performance was deficient and prejudicial when he mistakenly failed to exercise a peremptory challenge to strike a juror who stated that he was "going to believe" a testifying law enforcement officer over the defendant).

For his part, Thomas testified in his deposition that he challenged Tarver for cause because of her professed relationship with law enforcement and because he believed she was politically conservative. However, he decided not to exercise a peremptory challenge against Tarver because there were potentially worse venire members still to be evaluated. The Magistrate Judge found Thomas' explanation credible and within the realm of acceptable trial strategy. The Court agrees with and ADOPTS the Magistrate Judge's analysis and conclusion to this point.

However, the Magistrate Judge further states on page 10 of the Report and

Recommendation that Thomas "could have reasonably believed, as Judge Crigler did, that Tarver asserted that she was biased [in favor of] law enforcement simply in order to avoid serving on the jury." [Doc. No. 58, p. 10]. The Court DECLINES TO ADOPT this analysis. First, this type of after-the-fact speculation by the State or the Court should not figure into the *Strickland* analysis. *See Virgil*, 446 F.3d at 610-11. Thomas did not suggest during the *voir dire* or in his later deposition that he believed Tarver was attempting to remove herself from the jury. Second, as Wiley points out in his objections, this Court has serious reservations whether it is appropriate to seat a potentially biased juror based on a judge's belief that the person had expressed views to help her avoid jury service.

As Wiley points out in his objections, the Report and Recommendation does not address Thomas' failure to exercise a peremptory challenge to remove Tarver at a later point in the *voir dire*. Judge Crigler employed a *voir dire* process in which the attorneys were asked to challenge jurors by panel. At the time Judge Crigler asked Thomas if he wished to exercise a peremptory challenge against Tarver, there were venire members left to question who might well have been less desirable jurors for Wiley. However, Judge Crigler also allowed the State and Thomas to exercise "back strikes" to remove jurors they had not struck earlier. Although Thomas did exercise one back strike to remove a juror in an earlier panel, at the conclusion of the *voir dire* process, Thomas still had three peremptory strikes remaining. Thus, the question remains whether Thomas' performance was deficient for failure to exercise one of the remaining three peremptory strikes against Tarver.

The Court finds that Wiley has failed to overcome the *Strickland* presumption that leaving Tarver on the jury might be considered sound trial strategy. First, the Court has

determined that Judge Crigler's finding that Tarver was unbiased has not been rebutted by Wiley. Second, Thomas was aware that he could exercise back strikes and did so against one earlier juror, so there is no indication that this was a case where he just forgot about Tarver. Instead, Thomas made the decision to leave Tarver on the jury without exercising additional peremptory strikes after viewing the remaining venire members. While Thomas' deposition does not specifically address why he chose not to exercise the remaining challenges, it is clear from the record that it was difficult for the attorneys to find jurors who had no connection to either Wiley or the State in some way. As is often the case in a small town, many of the venire members were either related to Wiley, the attorneys, or witnesses, or had known them for many years.[4] Given Tarver's assurances that she could be fair and that she would require the State to prove its case, Thomas' performance was not so obviously flawed, so as to permeate Wiley's trial with obvious unfairness.

Accordingly, for the foregoing reasons, Wiley's Petition for Writ of *Habeas Corpus* is DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 22 day of September, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] For example, after Thomas declined to exercise a peremptory strike against Tarver, he exercised peremptory strikes against one venire member who was a former deputy sheriff and a current corrections officer and one venire member who worked for the Assistant District Attorney's husband.

7